[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR STAY
The Defendant State Board of Chiropractic Examiners ("Board") revoked Plaintiff's license to practice chiropractic on July 24, 1997. Plaintiff pursuant to the Uniform Administrative Procedures Act (UAPA § 4-166 et seq.) appealed from such decision on September 5, 1997; further obtaining an order to show cause why a stay of such revocation should not be issued.
The parties filed opposing briefs on such motion and were heard in oral argument on September 22, 1997. The court deferred action on the motion until it could review the record of the administrative proceedings, which preceded the revocation. The record of such proceedings was filed on September 30, 1997.
The granting of a stay is analogous to a temporary injunction. Griffin Hospital v. Commission on Hospitals andHealth Care, 196 Conn. 451, 457. In "balancing the equities" the court should consider (1) likelihood that applicant will prevail; (2) irreparability of injury from order's immediate implementation; (3) effect of stay upon other parties; and (4) public interest involved. GriffinHospital, supra, 196 Conn. at 456.
The Plaintiff raises procedural claims which are refuted by perusal of the record. The Board did not have to issue a proposed decision since a majority of its members (and three of four professional members) heard the evidence. See General Statutes § 4-179. The minutes of the meeting also clarify the participation of a majority of CT Page 10015 chiropractors which certainly justifies the Board's reliance on their "specialized professional knowledge." See;Levinson v. Board of Chiropractic Examiners, 211 Conn. 508,525 (1989).
The record contains direct evidence in support of the Board's findings that the Plaintiff violated previous conditions of a stay by not having another female present in the treatment room when treating a female patient; violated the acceptable standard of care by having inappropriate non-therapeutic sexual contact with a patient whom he also subjected to sexually suggestive conduct; and in practicing as a chiropractor during a period when his license was under suspension. The Board found the misconduct severable and that each offense separately warranted the revocation.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations and internal quotation marks.) Dolgner v.Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgner v.Alander, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
CT Page 10016
Plaintiff has not met the burden of establishing his likelihood of success on the merits.
The public interest consideration weighs heavily against the granting of a stay. Plaintiff in a prior proceeding was found in practicing chiropractic to have engaged in two similar incidents of sexual exploitation of patients.
The Plaintiff has also been found to have violated previous restrictions on his practice (presence of female attendant when treating females); thus undermining the public protection available through a stay with conditions.
The motion for stay is denied.
Robert F. McWeeny, J.